NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1884.

HALSEY *v.* HALSEY.

*In the matter of the estate of* WILLIAM HALSEY,
*deceased.*

An order of the Surrogate's court, directing an executor to file an official
bond within twenty days after service of a copy of the order, provided,
in case of his failure so to do, as follows: "it is hereby ordered that
the letters testamentary be revoked and annulled." The executor per-
fected an appeal from the order within the time specified; after the
expiration of which, an application was made for an absolute decree
of revocation.—

*Held,* that the application must be denied; on the ground that, either the
order in question was itself a decree revoking letters, in which case a
further decree was unnecessary,—or it was not such a decree, in which
event it was not within Code Civ. Pro., § 2583, and the appeal operated
as a stay.

APPLICATION by Maria Halsey, decedent's widow,
for entry of decree revoking letters testamentary
issued to William Halsey as executor of decedent's
will. The facts appear in the opinion.

JACKSON & BURR, *for petitioner.*

B. C. LEVERIDGE, *for executor.*

THE SURROGATE. — By order of the Surrogate,
dated September 26th, 1884, this executor was
directed to file a bond because of his non-residence
within the State. The order contained this provision :
"If the said executor fail to execute and file said
bond within twenty days after the service of a copy
of this order upon himself or his attorney, it is

hereby ordered that the letters testamentary . . . . . be revoked and annulled."

Before the expiration of these twenty days the executor perfected an appeal to the Supreme court. I am now asked to enter a decree absolute, revoking his letters testamentary, the twenty days having long since elapsed, and no bond having been, as yet, placed on file. To this the executor objects. His argument in opposition takes the form of this dilemma : Either the decree of revocation for which the petitioner now asks is unnecessary, because the executor's letters have already been revoked by the order of September 26th last, or the executor's appeal from that order, within the twenty days it allowed him for filing a bond, operates as a stay of proceedings, and forbids the entry of the decree now sought to be entered.

The petitioner insists in opposition that, despite the appeal, he is entitled to the relief prayed for, in view of the provisions of § 2583 of the Code of Civil Procedure, which expressly declares that "an appeal from a decree revoking letters testamentary does not stay the execution of the decree appealed from." This, however, does not answer the executor's objection. The order or decree already entered was "a decree revoking letters," or it was not. If it was such a decree, no further decree is necessary.

If it was not, then, despite § 2583, the appeal has operated as a stay.

Motion denied.